■ In the Matter of EMIL HOROWITZ et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a deficiency for personal income taxes and unincorporated business taxes for the years 1972 and 1973. Petitioner Emil Horowitz conducted a business as a wholesale dealer of secondhand jewelry during 1972 and 1973. The inventory of the business consisted primarily of diamonds, precious stones and other expensive jewelry. Horowitz also was involved in the operation of standardbred racing stables during the years in question. He was the owner of a 50% interest in Poet Acres Farms Partnership until its dissolution in the fiscal year ending August 31, 1972. Horowitz and his wife took over the stable on September 1, 1972 and formed a partnership bearing their names. As a result of these activities, petitioners filed joint State personal income tax returns for the years 1972 and 1973 and Emil Horowitz filed State unincorporated business tax returns for those years. Poet Acres Farms filed a State partnership return for the fiscal year ending August 31, 1972 and petitioners then filed a State partnership return for the fiscal year ending August 31, 1973. Following a field audit, petitioners received a notice of deficiency indicating that they had underpaid their personal income taxes by $64,349.89 for the two years in question. Petitioner Emil Horowitz also received a notice indicating a $22,323.79 deficiency in his unincorporated business taxes over the same period. Including penalties and interest, petitioners' total assessment exceeded $103,000. Petitioners filed for a redetermination of the deficiencies and a hearing was held at which petitioners appeared by their accountant. As a result of an off-the-record examination of the documentation which petitioners' representative had brought to the hearing, the parties reached an agreement on the tax treatment to the accorded all but two of the disputed items on the tax returns in question. The two items upon which the parties could not agree were the deductions taken by petitioners for sales promotion expenses and partnership losses. The hearing concluded with petitioners' representative being granted an opportunity to submit further documentation to substantiate the sales promotion expenses and partnership losses. Respondent ultimately concluded that petitioners failed to carry their burden of substantiating the disputed deductions. This conclusion resulted in the reduction of the original notice to reflect a deficiency of $3,599.60 in petitioners' personal income taxes and $324.44 in unincorporated business taxes, plus penalties and interest. This transferred CPLR article 78 proceeding seeking to challenge that determination ensued. Petitioners attempted to substantiate their deductions for sales promotions by submitting vouchers and bills from area restaurants, Diner's Club, travel agencies, liquor stores and fuel companies and the canceled checks indicating that these accounts had been paid. It is claimed that weekly entertainment of employees from the various jewelry companies was essential in order to maintain the sales volume in Emil Horowitz' business. However, despite the vouchers and canceled checks, we agree with the conclusion reached by respondent that petitioner failed to properly substantiate the business relationship of these expenses (see 26 CFR 1.274-5) since he did not submit a diary or list of the individuals entertained (see *Berkley Mach. Works & Foundry Co. v Commissioner of Internal Revenue*, 623 F2d 898, 906-907, cert den 449 US 919). Respondent's conclusion that petitioners failed in their burden of substantiating their partnership losses must also be upheld. Despite being given the opportunity to

do so, petitioners failed to provide respondent with a copy of the applicable partnership returns for Poet Acres Farms showing how the partnership loss taken on petitioners' 1972 personal income tax return was computed. While partnership returns for the partnership created by petitioners on September 1, 1972 were introduced into the record, respondent properly held that the documentation offered to support the partnership and casualty losses taken by petitioners on their 1973 personal income tax returns as a result of their horse stable activities was inadequate. Among other deficiencies, invoices offered to support the partnership's expenses related to the wrong fiscal year and canceled checks were not submitted to verify that those expenses were paid. Accordingly, the determination of respondent should be confirmed and the petition dismissed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.